of plaintiff entered upon a verdict in an action under the Federal Employers' Liability Act to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of the defendant, his employer. While engaged in the performance of his duty as a brakeman plaintiff was thrown from the top of a car by the sudden stoppage of the train and received the injuries complained of.

*William C. Cannon* for appellant.

*Thomas J. O'Neill* and *Leonard F. Fish* for respondent.

Judgment affirmed, with costs; no opinion.
Concur: CHASE, HOGAN, POUND, CRANE and ANDREWS, JJ. Dissenting: HISCOCK, Ch. J., and COLLIN, J.

---

LEONIE B. LUHMAN, Respondent, *v.* NEW YORK, WESTCHESTER AND BOSTON RAILWAY COMPANY, Appellant.

*Luhman* v. *N. Y., Westchester & Boston Ry. Co.*, 163 App. Div. 964, affirmed.
(Argued May 15, 1917; decided June 5, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 10, 1914, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. By this judgment the defendant was permanently enjoined from maintaining embankments and structures and operating its railroad on premises owned by it, and was required to remove such embankments, structures and railroad, and to pay the plaintiff $281.47 for rental damages. It was decreed in the alternative, that on payment to the plaintiff by the defendant of $2,800 as fee damages, and $281.47 as rental damages, the necessary easements and rights to use such embankment and structures for the maintenance of its railroad were to be conveyed by the plaintiff to the defendant.

Both plaintiff's and the part of defendant's property in question was acquired by them subject to certain building restrictions running with the land. The answer, after denying the material allegations of the complaint, pleaded facts showing that the construction and operation of the railroad was a public convenience and necessity, and that the restrictions against the erection of such railroad on the right of way owned by it, on which the plaintiff relied as the basis of her cause of action, if such restrictions existed at all, were wholly void and without effect, being against public policy.

*Louis Marshall, George S. Graham* and *Ralph P. Buell* for appellant.

*Clinton T. Taylor* and *Charles Everett Moore* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, COLLIN, HOGAN, POUND, CRANE and ANDREWS, JJ.